**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUIS VIRGILIO and NORMA VIRGILIO,**

    **Plaintiffs,**

-vs-                   Case No. 6:08-cv-815-Orl-31GJK

**THE RYLAND GROUP, INC.,RYLAND
MORTGAGE COMPANY,
CORNERSTONE TITLE COMPANY** *d/b/a*
**Ryland Title Company, TERRABROOK
VISTA LAKES L.P. , TERRABROOK
VISTA LAKES GP, L.L.C. , NEWLAND
COMMUNITIES, LLC, AND WESTERRA
MANAGEMENT, L.L.C.**

    **Defendants.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of

Defendants', Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC and Westerra

Management, LLC, Motion to Dismiss (Doc. 56), Defendant's, Newland Communities, LLC,

Motion to Dismiss (Doc. 57),[1] Plaintiffs', Luis Virgilio and Norma Virgilio ("Plaintiffs"),[2]

Response in opposition thereto ("Response") (Doc. 66), and Defendants', Terrabrook Vista Lakes,

---

[1] Unless otherwise stated, Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC shall be referred to as "Defendants" herein.

[2] While this case has been filed as a putative class action, it has not been certified as such by the Court. Unless otherwise stated, then, "Plaintiffs" shall refer to the named Plaintiffs, Luis Virgilio and Norma Virgilio.

L.P., Terrabrook Vista Lakes, GP, LLC and Westerra Management, LLC, Reply to Plaintiffs' Response (Doc. 69).

**I. Overview**

    **A. General Allegations**

In their fifty-two (52) page Second Amended Class Action Complaint ("Second Amended Complaint"), Plaintiffs allege, *inter alia*, that they purchased a home in the Newport subdivision of Vista Lakes located in Orlando, Florida (Doc. 33, ¶ 2). The Newport subdivision of Vista Lakes is comprised of approximately 151 homes in the larger 1,000 home development of Vista Lakes (Doc. 33, ¶ 2). The Newport subdivision was built adjacent to, or on top of, a World War II-era bombing range known as the "Pinecastle Bombing Range" (Doc. 33, ¶¶ 1-3). According to Plaintiffs,

> For decades, the [Pinecastle Bombing Range] was left untouched. It remained that way until recently, when Defendants, acting as subdividers, developers, builders, marketers, financiers, and sellers, built hundreds of homes...on or immediately adjacent to the 12,483-acre Pinecastle Bombing Range, collectively turning a blind eye to the presence of unexploded firebombs, rockets, ammunition, ordnance, and toxic chemicals...

(Doc. 33, ¶ 3).

The gravamen of Plaintiffs' complaint is that the Defendants, more particularly identified, *infra*, developed, built, marketed and sold homes in the Newport subdivision of Vista Lakes to Plaintiffs despite each Defendants' knowledge of the Pinecastle Bombing Range and without disclosing same to Plaintiffs.

**B. Parties**

The Ryland Group, Ryland Mortgage, and Ryland Title (collectively "Ryland") is a nationwide homebuilder, mortgage financier, and title insurer, which, *inter alia*, built the homes in the Newport subdivision (Doc. 33, ¶¶ 12-14, 30). In particular, Ryland built and sold the home to the named Plaintiffs and provided most of the mortgage financing to the absent prospective class members (Doc. 33, ¶¶ 12-14, 30).

Terrabrook, LP and Terrabrook, GP (collectively "Terrabrook") is a developer which, according to Plaintiffs, sold the undeveloped land comprising the Newport subdivision to Ryland (Doc. 33, ¶¶ 15, 30). Terrabrook also allegedly received 1.5% of the gross sales price from Ryland for each house Ryland sold in the Newport subdivision (Doc. 33, ¶ 15). It is further generally alleged that Terrabrook "was responsible for the subdivision, development and marketing of all of the homes in Vista Lakes," including the Newport subdivision (Doc. 33, ¶¶ 15-16).

Westerra Management, LLC ("Westerra") is a property management and development company which, along with Terrabrook and Newland, was responsible for the "subdivision, development and marketing of all of the homes in Vista Lakes" (Doc. 33, ¶ 18). Although Plaintiffs provide few specifics concerning Westerra's role in the development, it is alleged that Westerra was "actively involved" in the sale of the Newport subdivision to Ryland (Doc. 33, ¶ 18).

Newland Communities, LLC ("Newland") is a developer "involved in creating residential and urban mixed-use communities, land development and project management" (Doc. 33, ¶ 17). Newland worked "in conjunction with and on behalf of Terrabrook" and was also responsible for the "subdivision, development and marketing of all of the homes in Vista Lakes" (Doc. 33, ¶ 17). Again, Plaintiffs provide few specifics concerning Newland's role in the development.

**II. Procedural History**

Plaintiffs originally filed a three-count complaint in State court against a single defendant, The Ryland Group, Inc. (Doc. 2). Ryland timely removed the case to federal court, alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA").[3] Ryland then filed a Motion to Dismiss (Doc. 11), which the Court denied (Doc. 15). Plaintiffs subsequently amended their complaint, adding the additional parties described, *supra*, and asserting eight (8) additional claims.

The current rendition of Plaintiffs' complaint now asserts eleven (11) claims, all of which are predicated on Florida substantive law. Specifically, Count I asserts that all Defendants failed to disclose the existence of the Pinecastle Bombing Range to Plaintiffs in violation of *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985), ("*Johnson* Claim") (Doc. 33 at 32-33). Count II asserts that Ryland violated Florida's Land Sales Practices Act (Doc. 33 at 34-36). Count III asserts that Ryland is in breach of its purchasing agreements with Plaintiffs (Doc. 33 at 36-37). Count IV asserts that Ryland is in breach of its mortgage agreements with Plaintffs (Doc. 33 at 37-39). Count V asserts that Plaintiffs are entitled to rescind their purchase and mortgage agreements with Ryland (Doc. 33 at 39-40). Count VI asserts a claim for unjust enrichment against all Defendants (Unjust Enrichment) (Doc. 33 at 41-42). Count VII asserts a claim for money had and received against all Defendants (Doc. 33 at 42-43) (Money Had and Received). Count VIII asserts a claim for deceptive and unfair trade practices against all Defendants under Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") (Doc. 33 at 44-46) (FDUPTA Claim). Count IX asserts a

---

[3]*See* 28 U.S.C. § 1332(d).

claim for strict liability against all Defendants (Doc. 33 at 46-47) (Strict Liability). Count X asserts a claim for negligence against all Defendants (Doc. 33 at 47-49). Count XI asserts a claim for civil conspiracy against all Defendants (Doc. 33 at 49-50) (Civil Conspiracy).

In their instant Motions to Dismiss, Terrabrook, Westerra, and Newland have moved to dismiss Count I (*Johnson* Claim), Count VI (Unjust Enrichment), Count VII (Money Had and Received), Count VIII (FDUPTA), Count IX (Strict Liability) and Count XI (Civil Conspiracy) (Docs. 56 and 57). Inasmuch as they did not sell any of the homes in the Newport subdivision to Plaintiffs, Defendants contend that, as a matter of law, they did not have any sort of relationship with Plaintiffs which could possibly subject them to liability on the foregoing claims. Accordingly, Defendants argue that Plaintiffs have failed to state claims upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).

## III. Subject Matter Jurisdiction

The named Plaintiffs are citizens of the State of Florida. The citizenship of the absent prospective class members is unknown, but given the nature of the litigation, many – if not more than two-thirds – of the homeowners in the Newport subdivision of Vista Lakes are citizens of the State of Florida.

No Defendant is a citizen of the State of Florida. The Ryland Group, Inc. is a citizen of the State of Maryland and the State of California. Ryland Mortgage Company is a citizen the State of Maryland and the State of California. Cornerstone Title Company, d/b/a Ryland Title Company, is a citizen of the State of Maryland and the State of California. Terrabrook Vista Lakes, LP is a citizen of the State of Delaware and the State of California. Terrabrook Vista Lakes GP, LLC is a citizen of the State of Delaware and the State of California. Newland Communities, LLC is a

citizen of the State of Delaware and the State of California. Westerra Management, LLC is a citizen of the State of Delaware and the State of Texas.

Plaintiffs specifically aver in the Second Amended Complaint that the amount in controversy in this case exceeds $5,000,000.00 (Doc. 33, ¶ 22).

Based on the foregoing, the Court concludes that it has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1). Alternatively, even assuming that some absent prospective class members are citizens of the States of California, Delaware, Maryland, or Texas, the Court may have jurisdiction pursuant to CAFA, specifically 28 U.S.C. § 1332(d)(2).

## IV. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every

element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

**V. Analysis**

    **A. Count I - *Johnson* Claim**

In the seminal case of *Johnson v. Davis*, the Florida Supreme Court receded from the ancient doctrine of *caveat emptor* and held that "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." 480 So. 2d 625, 629 (Fla. 1985). Defendants contend, however, that *Johnson* is inapposite because they were not the sellers of the home to Plaintiffs. Indeed, Plaintiffs Second Amended Complaint only alleges that Ryland – not the other Defendants – sold the home to Plaintiffs.

Plaintiffs respond by suggesting that *Johnson* has been extended to real estate brokers, salespersons, contractors, title insurers, and closing agents (Doc. 66 at 9-10, citing, *inter alia*, *Solorzano v. First Union Mortgage*, 896 So. 2d 847, 850 (Fla. 4th DCA 2005)). In the instant case, Plaintiffs have alleged that Defendants actively marketed the Newport subdivision and "received, both directly and indirectly, a financial benefit from the sale [by Ryland] of every lot and home to Plaintiffs" and absent prospective class members (Doc. 66 at 11). Thus, Plaintiffs contend that Defendants can be held liable for their non-disclosure even though they were not in

privity with Plaintiffs because Defendants remained "inextricably intertwined in all aspects of the marketing and sale of all lots and homes in Vista Lakes..." (Doc. 66 at 11-12).

Based on the existing allegations in the Second Amended Complaint, the Court concludes that the duty to disclose articulated in *Johnson* does not extend to the Defendants. As a threshold matter, the Court notes that Plaintiffs have alleged that each Defendant named in the complaint had knowledge of the dangers of the Pinecastle Bombing Range (*see*, *e.g.*, Doc. 33, ¶¶ 4 and 7). Plaintiffs, however, do not allege – with any meaningful specificity – the exact role which each Defendant had in the "subdivision, development, and marketing" of the Newport subdivision. While it may true that mortgage companies, real estate brokers, and other individuals acting as agents for a seller can be subject to *Johnson* liability in certain circumstances, Plaintiffs have failed to allege the extent of Defendants' relationship with Ryland – the actual seller of the homes. At a minimum, Plaintiffs must first explain how each Defendant acted as an agent or representative of Ryland before *Johnson* liability can possibly attach. Simply asserting that all Defendants remained "inextricably intertwined" or that some Defendants received direct or indirect financial benefits from the Plaintiffs is not enough.

Furthermore, and with respect to Terrabrook in particular, Defendants correctly note that there is no authority for the proposition that a prior seller can be held liable to a downstream purchaser where both the prior and final sellers had knowledge of material defects. Contrary to Plaintiffs' characterizations of existing precedent,[4] and as noted by the Court, *supra*, *Johnson*

---

[4] Plaintiffs' reliance on *Solorzano v. First Union Mortgage*, 896 So. 2d 847, 850 (Fla. 4th DCA 2005), for example, is entirely misplaced. There, the Court expressly found that the plaintiff had alleged that First Union Mortgage, n/k/a "Wachovia Mortgage Corporation," had sold the residential property to the plaintiff. 896 So. 2d at 849.

clearly requires some indicia of privity or a fiduciary, contractual, or other special relationship between the former seller and the current buyer before the duty to disclose can be imposed on a former seller. *See*, *e.g.*, *Kovach v. McLellan*, 564 So. 2d 274, 277 (Fla. 5th DCA 1990)(holding that *Johnson* does not apply to current purchasers and former sellers absent privity or some fiduciary, special, or longstanding relationship between a current purchaser and a former seller, and that there is no affirmative duty on a former seller to disclose material defects to a current purchaser). Notwithstanding, then, the 1.5% return Ryland paid to Terrabrook on the sale of each home in the development, Plaintiffs have failed to allege that Terrabrook had any sort of relationship with Plaintiffs. Indeed, none of the instant Defendants allegedly had any sort of relationship – fiduciary, contractual, or otherwise – with the named Plaintiffs. Absent such a relationship, there can be no liability under *Johnson*.

Based on the foregoing, the limited allegations in the Second Amended Complaint fail to state a claim for relief under *Johnson*. Accordingly, Count I must be dismissed. Plaintiffs will have leave to amend, however, so as to have an additional opportunity to allege, with specificity, the exact manner in which each Defendant acted as an agent, or on behalf, of Ryland, such that they would be subject to liability under *Johnson*.

### B. Count VI – Unjust Enrichment

Inasmuch as Plaintiffs did not purchase their home from Defendants, Defendants contend that Plaintiffs never directly conferred any benefit on Defendants. Plaintiffs respond by noting that the Second Amended Complaint "clearly alleges the [Defendants] received either a direct or indirect financial benefit from the sale of each lot or home sold in the Newport subdivision of Vista Lakes" (Doc. 66 at 15). More specifically, Plaintiffs allege that they indirectly conferred a

financial benefit to certain Defendants in the amount of 1.5% of the gross sales price for each home.

Upon review, the Court concludes that Plaintiffs have failed to allege that they ever conferred any benefit on Defendants. While Ryland's payment of 1.5% of the gross sales price of each home or lot to certain Defendants could perhaps be construed as a benefit, Plaintiffs did not confer that benefit on Defendants – Ryland did. In any event, because the present allegations do not give rise to a duty to disclose, there can be no wrong to be remedied. Thus, it would not be inequitable for Defendants to retain whatever benefits Plaintiffs may have indirectly conferred. Accordingly, Count VI will be dismissed without prejudice.

### C. Count VII – Money Had and Received

The reasoning applicable to Plaintiffs' claim for unjust enrichment applies equally to Plaintiffs' claim for money had and received. However, because this claim is redundant of Plaintiffs' claim for unjust enrichment, *see*, *e.g.*, *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 656 (Fla. 5th DCA 1996)(suggesting that an action for "money had and received" is nothing more than the "modern action" for unjust enrichment), Count VII will be dismissed with prejudice.

### D. Count VIII – FDUPTA

Defendants contend that Plaintiffs' FDUPTA claim must be dismissed for two reasons: (1) Plaintiffs have failed to allege a deceptive or unfair trade practice; and (2) Plaintiffs have failed to allege any actual damages which would entitle them to relief. As to Defendants' first ground for dismissal, Defendants state: "As strangers to Plaintiffs' purchase of property from Ryland, Defendants owed Plaintiffs no duty to disclose, and any failure by Defendants to seek out the

Plaintiffs to disclose information to them was not a deceptive or unfair trade practice" (Doc. 56 at 14-15).

Plaintiffs counter by first noting that this Court has already recognized that they have asserted a viable FDUPTA claim against Ryland (Doc. 66 at 18). With respect to the instant Defendants, then, Plaintiffs contend that had they "disclosed the existence of the Pinecastle Bombing Range, Plaintiffs and [absent prospective class] members would not have suffered financial damages stemming from the [Defendants'] deceptive act or practice" (Doc. 66 at 18).

The Court concludes that Plaintiffs have failed to alleged that Defendants engaged in any deceptive or unfair trade practice. As Plaintiffs concede, Defendants did not sell them their home. As discussed, *supra*, and given the present allegations in the Second Amended Complaint, Defendants were under no obligation to reveal material defects to Plainitff – that duty was imposed on Ryland. Accordingly, Count VIII will be dismissed without prejudice.

### E. Count IX – Strict Liability

Plaintiffs' strict liability claim is without merit. The development, marketing, and sale of residential homes clearly does not involve the sale of a product under Florida law. Furthermore, while discharging bombs and other munitions could constitute an ultra hazardous activity, Defendants engaged in no such conduct – the United States government did. Accordingly, Count IX will be dismissed against all Defendants, including Ryland, with prejudice.

### F. Count XI - Civil Conspiracy

With respect to Count XI, Plaintiffs allege that "Defendants operated a conspiracy whose purpose was to develop, market, build, finance, and sell homes and/or land on, immediately adjacent to, or impacted by the Pinecastle Bombing Range without disclosing the existence and material negative impact of the Pinecastle Bombing Range to Plaintiffs..." (Doc. 33, ¶ 158).

Because the present allegations do not give rise to duty to disclose, the only remaining predicate for Plaintiff's conspiracy claim is Ryland's failure to disclose. While the current rendition of the complaint does not clearly allege that all Defendants entered into an agreement to financially benefit from Ryland's non-disclosure (rather Plaintiffs allege that Defendants benefitted from their own non-disclosure), Plaintiffs could conceivably allege as much based on a liberal reading of the other allegations in the complaint. Accordingly, Count XI will be dismissed without prejudice.

## VI. Conclusion

Based on the foregoing, it is **ORDERED** that Defendants', Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC, Motions to Dismiss (Docs. 56 and 57) are **GRANTED** in part and **DENIED** in part.

It is **FURTHER ORDERED** that Counts I, VI, VIII, and XI against Defendants, Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC, are hereby **DISMISSED** without prejudice.

It is **FURTHER ORDERED** that Counts VII and IX against Defendants, Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC, are hereby **DISMISSED** with prejudice.

Finally, it is **FURTHER ORDERED** that Count IX against The Ryland Group, Inc., Ryland Mortgage Company and Cornerstone Title Company, is *sua sponte* **DISMISSED** with prejudice.

Plaintiffs shall have leave to file an amended complaint by no later than Friday, March 6, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 9, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE