**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUIS VIRGILIO and NORMA VIRGILIO,**

      **Plaintiffs,**

-vs-                                                  Case No. 6:08-cv-815-Orl-31GJK

**THE RYLAND GROUP, INC., RYLAND MORTGAGE COMPANY, CORNERSTONE TITLE COMPANY** *d/b/a* **Ryland Title Company, TERRABROOK VISTA LAKES L.P., TERRABROOK VISTA LAKES GP, L.L.C., NEWLAND COMMUNITIES, LLC, AND WESTERRA MANAGEMENT, L.L.C.**

      **Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC, and Newland Communities, LLC, Second Motions to Dismiss (Docs. 82 and 83),[1] Plaintiffs', Luis Virgilio and Norma Virgilio ("Plaintiffs"), response in opposition thereto ("Response") (Doc. 87), and Defendants', Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC, reply to Plaintiffs' Response ("Reply") (Doc. 92).

---

[1] Unless otherwise stated, Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC shall be referred to as "Defendants" herein. Defendants The Ryland Group, Ryland Mortgage, and Ryland Title shall be referred to collectively as "Ryland."

**I. Overview**[2]

As noted in this Court's prior Order, the gravamen of Plaintiffs' complaint is that Defendants developed and helped market the subdivision in which Plaintiffs purchased their home despite Defendants' knowledge of the Pinecastle Bombing Range and without disclosing same to Plaintiffs (Doc. 70 at 2). Notwithstanding Defendants' failure to disclose, the Court dismissed certain counts in the Second Amended Complaint without prejudice inasmuch as Plaintiffs did not allege that they bought their home from Defendants (Doc. 70).

Specifically, the Court dismissed Count I of the Second Amended Complaint, which attempted to assert a claim pursuant to *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985) [hereinafter *Johnson*], because Plaintiffs had failed to allege that Defendants were agents of Ryland or had any sort of relationship with Plaintiffs.

> As a threshold matter, the Court notes that Plaintiffs have alleged that each Defendant named in the complaint had knowledge of the dangers of the Pinecastle Bombing Range (*see*, *e.g.*, Doc. 33, ¶¶ 4 and 7). Plaintiffs, however, do not allege – with any meaningful specificity – the exact role which each Defendant had in the "subdivision, development, and marketing" of the Newport subdivision. While it may true that mortgage companies, real estate brokers, and other individuals acting as agents for a seller can be subject to *Johnson* liability in certain circumstances, Plaintiffs have failed to allege the extent of Defendants' relationship with Ryland – the actual seller of the homes. At a minimum, Plaintiffs must first explain how each Defendant acted as an agent or representative of Ryland before *Johnson* liability can possibly attach. Simply asserting that all Defendants remained "inextricably intertwined" or that some Defendants received direct or indirect financial benefits from the Plaintiffs is not enough . . .
>
> [With respect to Defendant Terrabrook, in particular, which sold the subdivided lots to Ryland,] *Johnson* clearly requires some indicia of privity or a fiduciary, contractual, or other special relationship between the former seller and the current buyer before the duty to disclose can be imposed on a former seller. *See*, *e.g.*, *Kovach v. McLellan*, 564 So. 2d 274,

---

[2]A detailed overview and factual background of this case may found in this Court's February 9, 2009 Order (Doc. 70).

> 277 (Fla. 5th DCA 1990)(holding that *Johnson* does not apply to current purchasers and former sellers absent privity or some fiduciary, special, or longstanding relationship between a current purchaser and a former seller, and that there is no affirmative duty on a former seller to disclose material defects to a current purchaser). . .
>
> Accordingly, Count I must be dismissed. Plaintiffs will have leave to amend, however, so as to have an additional opportunity to allege, with specificity, the exact manner in which each Defendant acted as an agent, or on behalf, of Ryland, such that they would be subject to liability under *Johnson*.

(Doc. 70 at 8-9).

Similarly, the Court dismissed Count VI (Unjust Enrichment), Count VIII (FDUTPA) and Count XI (Civil Conspiracy) because Plaintiffs failed to establish that Defendants had any legal duty to disclose material defects to Plaintiffs (Doc. 70).

Having been afforded an additional opportunity to amend their Complaint to reassert the foregoing claims, Plaintiffs have filed a Third Amended Class Action Complaint ("Third Amended Complaint") (Doc. 74). Defendants now move to dismiss these reasserted claims with prejudice, contending that Plaintiffs have still failed to state claims upon which relief can be granted.

### A. Allegations in the Third Amended Complaint Concerning Defendants' Role in Vista Lakes and Their Relationship with Ryland and Plaintiffs

According to Plaintiffs, Terrabrook, LP and Terrabrook, GP (collectively "Terrabrook") is a developer that sold the subdivided lots comprising the Newport subdivision[3] to Ryland (Doc. 74, ¶¶ 16-17). Terrabrook received 1.5% of the gross sales price from Ryland for each house Ryland sold in the Newport subdivision (Doc. 74, ¶¶ 16-17). In total, these sums amounted to nearly

---

[3]The Newport subdivision is one of a number of subdivisions located in the Vista Lakes development.

$500,000.00 (Doc. 74, ¶ 5). Terrabrook "was responsible for the subdivision, development and marketing of all of the homes in Vista Lakes," including the Newport subdivision (Doc. 74, ¶¶ 16-17). More specifically, Plaintiffs allege that Terrabrook actively marketed Vista Lakes and that Terrabrook was at one time listed as the developer of Vista Lakes on the web site, www.vistalakes.com (Doc. 74, ¶¶ 16-17 and 44-46).

Westerra Management, LLC ("Westerra") is a property management and development company that, along with Terrabrook and Newland, was responsible for the "subdivision, development and marketing of all of the homes in Vista Lakes" (Doc. 74, ¶ 19). Westerra was "actively involved" in the sale of the Newport subdivision to Ryland and provided marketing services to Terrabrook pursuant to a development and management agreement from 1999 through 2003 (Doc. 74, ¶ 19). These marketing services allegedly included the use of the web site, www.vistalakes.com (Doc. 74, ¶¶ 19 and 44-46).

Newland Communities, LLC ("Newland") is a developer "involved in creating residential and urban mixed-use communities, land development and project management" (Doc. 74, ¶ 18). Newland worked "in conjunction with and on behalf of Terrabrook" and was also responsible for the "subdivision, development and marketing of all of the homes in Vista Lakes" (Doc. 74, ¶ 18). Along with the other Defendants, Newland allegedly used the web sites www.vistalakes.com and www.newlandcommunities.com to market the Newport subdivision (Doc. 74, ¶¶ 18, 41-42, and 44-49).

In addition to the foregoing, Plaintiffs have made the conclusory allegation that "Terrabrook, Newland, and Westerra [were] agents of each other" (Doc. 74, ¶ 20) and that Defendants were "agents of Ryland" (Doc. 75, ¶ 79). Acting in concert, these Defendants, along

with Ryland, were all allegedly responsible for the development and marketing[4] of Vista Lakes (including the Newport subdivision) and benefitted financially – either directly or indirectly – from the Plaintiffs' purchase of their home (Doc. 74, ¶ 20). Acting "in complete uniformity," these Defendants never told Plaintiffs about the existence of the Pinecastle Bombing Range despite their knowledge of same (Doc. 74, ¶ 4).

### B. Procedural Posture

Plaintiffs' Third Amended Complaint now asserts ten (10) claims, all of which are predicated on Florida substantive law. Specifically, Count I asserts that all Defendants failed to disclose the existence of the Pinecastle Bombing Range to Plaintiffs in violation of *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985), ("*Johnson* Claim") (Doc. 74, ¶¶ 76-86). Count II asserts that Ryland violated Florida's Land Sales Practices Act (Doc. 74 at 87-95). Count III asserts that Ryland is in breach of its purchasing agreements with Plaintiffs (Doc. 74, ¶¶ 96-103). Count IV asserts that Ryland is in breach of its mortgage agreements with Plaintiffs (Doc. 74, ¶¶ 104-112). Count V asserts that Plaintiffs are entitled to rescind their purchase and mortgage agreements with Ryland (Doc. 74, ¶¶ 113-120). Count VI asserts a claim for unjust enrichment against all Defendants (Unjust Enrichment) (Doc. 74, ¶¶ 121-129). Count VII asserts a claim for money had

---

[4]The only specific and concrete allegations regarding Defendants' marketing efforts concern Defendants' web sites. No other examples of Defendants' marketing efforts are included in the Third Amended Complaint. Furthermore, Plaintiffs do not allege that they ever met with or communicated with Defendants at any time. Instead, Plaintiffs allege, by reference to Ryland's web site, that Ryland's "Employees and independent real estate brokers" showed "furnished model[]" homes and that Ryland controlled and took "an active role in the marketing of its communities," including the Newport subdivision (Doc. 74, ¶ 38).

and received against Ryland[5] (Doc. 74, ¶¶ 130-136) (Money Had and Received). Count VIII asserts a claim for deceptive and unfair trade practices against all Defendants under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Doc. 74, ¶¶ at 137-150) (FDUTPA Claim). Count IX asserts a claim for negligence against all Defendants (Doc. 74, ¶¶ 151-158) (Negligence). Count X asserts a claim for civil conspiracy against all Defendants (Doc. 74, ¶¶ 159-165) (Civil Conspiracy).

In their instant Motions to Dismiss, Terrabrook, Westerra, and Newland have once again moved to dismiss Count I (*Johnson* Claim), Count VI (Unjust Enrichment), Count VIII (FDUTPA) and Count X (Civil Conspiracy) (Docs. 82 and 83). Inasmuch as they are not alleged to have sold any of the homes in the Newport subdivision to Plaintiffs, did not have any sort of relationship with Plaintiffs, and did not act as Ryland's agent, Defendants contend that, as a matter of law, they cannot be not subject to liability on the foregoing claims. Accordingly, Defendants argue that Plaintiffs have failed to state claims upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). Defendants do not, however, move to dismiss Count IX (Negligence).[6]

## III. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th

---

[5]Notwithstanding the fact that Plaintiffs clearly label this count as being asserted against only "Ryland, Ryland Mortgage, and Ryland Title," Plaintiffs' allegations throughout this count refer to all Defendants (Doc. 74, ¶¶ 130-136). However, because this Court dismissed Plaintiffs' money had and received claim with prejudice against Terrabrook, Westerra and Newland (Doc. 70 at 10 and 13), the Court has construed this claim as being asserted against Ryland only.

[6]Defendants filed their respective Answers to Count IX on March 16, 2009 (*see* Docs. 80, 81 and 84).

Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

**IV. Analysis**

    **A. Count I - *Johnson* Claim**

Plaintiffs contend that their Third Amended Complaint satisfies this Court's directive to "allege, with specificity, the exact manner in which each Defendant acted as an agent, or on behalf of, Ryland" (Doc. 70 at 9). Specifically, Plaintiffs argue that because Defendants actively

marketed Vista Lakes, and, at least with respect to Terrabrook, received 1.5% of the gross sales price of each home sold as a marketing fee (in total, nearly $500,000.00), Defendants acted as Ryland's agent and had a duty to disclose the existence of the Pinecastle Bombing Range to Plaintiffs (Doc. 87 at 13). Plaintiffs also contend that because Terrabrook graded, compacted, and otherwise prepared the lots in the Newport subdivision prior to selling the lots to Ryland, Terrabrook should be considered an agent of Ryland (Doc. 87 at 8 and 13, referencing the "Vista Lakes Residential Lots Purchase and Sale Agreement" attached to Defendants Motions to Dismiss (*see* Docs. 82-2 and 83-2)).[7]

Defendants respond by noting, *inter alia*, that "Plaintiffs have not even alleged the mandatory indicia of an agency relationship between Ryland and [Defendants], including that Ryland, as purported principal, exercised substantial control over [Defendants]" (Doc. 82 at 8). Indeed, "Plaintiffs do not allege that Ryland exercised *any* control over Defendants by virtue of their 'symbiotic union,' but instead allege only that Ryland paid Terrabrook a fee for marketing performed by Defendants" (Doc. 82 at 8). Furthermore, Defendants note that the purchase

---

[7]The Third Amended Complaint does not allege that Terrabrook graded, compacted, or otherwise prepared the lots in the Newport subdivision. Plaintiffs, however, appear to incorporate these additional allegations in their response to the Motions to Dismiss (Doc. 87 at 8 and 13) by referencing the Vista Lakes Residential Lots Purchase and Sale Agreement that Defendants attached to their Motions to Dismiss (*see* (Doc. 74, ¶ 56 and Docs. 82-2 and 83-2). Plaintiffs did not attach the Vista Lakes Residential Lots Purchase and Sale Agreement to their Third Amended Complaint. Notwithstanding Plaintiffs' reliance upon the lot agreement, the Court concludes that the Vista Lakes Residential Lots Purchase and Sale Agreement does not present "matters outside the pleadings" that would require treating Defendants' Motions to Dismiss as motions for summary judgment. *See* FED. R. CIV. P. 12(d). Furthermore, the Court's review of the Vista Lakes Residential Lots Purchase and Sale Agreement has been limited to Plaintiffs' own references thereto in the Third Amended Complaint and in support of the additional allegation that Terrabrook graded, compacted, and otherwise prepared the residential lots in Vista Lakes prior to selling the lots to Ryland.

agreement between Ryland and Plaintiffs, which Plaintiffs executed at the time they purchased their home, provided:

> PURCHASER ACKNOWLEDGES AND UNDERSTANDS THAT THE RYLAND GROUP, INC. IS NOT AFFILIATED WITH TERRABROOK VISTA LAKES, L.P. OR ANY OF ITS AFFILIATES.  PURCHASER FURTHER ACKNOWLEDGES, UNDERSTANDS AND AGREES THAT IN ENTERING INTO THIS CONTRACT, PURCHASER IS RELYING ON PURCHASER'S OWN INVESTIGATION AND JUDGMENT OF THE RYLAND GROUP, INC. [SIC] CONSTRUCTION AND FINANCIAL CAPABILITIES AND THAT TERRABROOK VISTA LAKES, L.P. AND ITS AFFILIATES DO NOT WARRANT OR GUARANTEE SUCH CAPABILITIES.

(Doc. 74-4 at 25).[8]

Upon review, Plaintiffs have still failed to allege that Defendants acted as Ryland's agent or had a relationship with Plaintiffs that would subject Defendants to liability under *Johnson*. Although Plaintiffs allege that Defendants actively marketed Vista Lakes and the Newport subdivision, the only specific allegations concerning Defendants' marketing efforts are excerpts from Defendants' web sites.  The Court has reviewed these excerpts closely.  While these excerpts suggest that – at least at one time – Defendants were marketing the entire Vista Lakes development, they do not suggest that Defendants acted as Ryland's agent or on Ryland's behalf in doing so.  There is no allegation, for instance, that Defendants' online marketing efforts were at the behest or direction of Ryland, that Ryland exercised any control over these marketing efforts, or that Defendants actually listed any of the homes in the Newport subdivision on behalf of Ryland.  Although these excerpts might support a claim for misleading advertising, *see*, *e.g.*, *Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384 (Fla. 5th DCA 2004), under existing case law, they

---

[8] The foregoing disclosure, which Plaintiffs attached to their Third Amended Complaint as a part of the purchase agreement, was set out on a separate page, printed in conspicuous type, dated, signed by both named Plaintiffs, and witnessed (Doc. 74-4 at 25).

do not clearly establish a duty to disclose under *Johnson*. In any event, Plaintiffs' bare allegation that Defendants acted as Ryland's agent due to their web site marketing is clearly belied, as Defendants point out, by the purchase agreement that Plaintiffs attach to their Third Amended Complaint (Doc. 74-4 at 25). FED. R. CIV. P. 10(c); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) and noting that when the exhibits attached to a complaint "contradict the general and conclusory allegations of the pleading, the exhibits govern"). Finally, the fact that Terrabrook graded, compacted and otherwise prepared the lots upon which Ryland later built and sold the homes in the Newport subdivision is of little moment. Terrabrook graded, compacted, and otherwise prepared these lots prior to selling them to Ryland – not on behalf of Ryland or at Ryland's behest.

Notwithstanding the foregoing, it is far from clear that the "indicia of an agency relationship" is mandatory in the strict sense which Defendants would appear to require in their Motions to Dismiss, or that Ryland must have exercised substantial control over Defendants before liability may attach under *Johnson*. While the Florida Supreme Court and Florida's Courts of Appeal have so far apparently been unwilling to extend *Johnson* beyond the context of an immediate seller and buyer, those courts have not had the occasion to address whether a developer, which subdivides and otherwise prepares residential lots before selling them to a builder as home sites and then later markets the entire subdivision for a fee paid by the builder/seller, may be subject to liability under *Johnson* notwithstanding the fact that the builder – not the developer – ultimately built and sold the home to the buyer. To be sure, though, a seller's agents and real estate brokers have been subject to *Johnson* liability. *See*, *e.g.*, *Revitz v. Terrell*, 572 So. 2d 996

(Fla. 3d DCA 1990); *Rayner v. Wise Realty Co. of Tallahassee*, 504 So. 2d 1361 (Fla. 1st DCA 1987). The individuals in these cases, however, unlike the Defendants in the case at bar, were immediately involved in the sale of property and presumably dealt directly with the buyers on behalf of the seller. *Id*. Furthermore, the Fifth District Court of Appeal has made clear that there must be privity between the seller and buyer before *Johnson* liability will be imposed. *See Kovach v. McLellan*, 564 So. 2d 274 (Fla. 5th DCA 1990). In light of existing precedent and given the limited allegations in this case concerning Defendants' marketing efforts, this Court is compelled to find that, absent an allegation of privity or that Defendants acted as Ryland's agent or broker in selling the home to Plaintiffs, the Third Amended Complaint still fails to state a claim for relief under *Johnson*. Accordingly, Count I will be dismissed with prejudice.

### B. Count VI – Unjust Enrichment

As with the prior rendition of Plaintiffs' complaint, the allegations in the Third Amended Complaint fail to give rise to a duty to disclose. Accordingly, even assuming, *arguendo*, that the 1.5% fee constituted a benefit that Plaintiffs conferred on Terrabrook, there is no wrong to be remedied and it would not be inequitable for Defendants to retain whatever benefits Plaintiffs may have indirectly conferred. Therefore, Count VI will be dismissed with prejudice.

### C. Count VIII – FDUTPA

In its prior Order, the Court concluded that Plaintiffs had failed to allege that Defendants engaged in any deceptive or unfair trade practice (Doc. 70 at 11). The only deceptive or unfair trade practice alleged in the Second Amended Complaint was Defendants' failure to disclose material defects to Plaintiffs. Because only Ryland – not Defendants – had a duty to disclose material defects, the Court dismissed Plaintiffs' FDUTPA claim without prejudice. Again,

the only deceptive or unfair trade practice alleged in Plaintiffs' Third Amended Complaint is Defendants' breach of "an affirmative duty of disclosure" and "knowingly omitt[ing] any disclosure of the existence of the Pinecastle Bombing Range" (Doc. 74, ¶ 141). Because the Court concludes that Defendants did not, as a matter of law, have an affirmative duty to disclose based on *Johnson* and the allegations in the Third Amended Complaint, Count VIII still fails to state a claim for relief under FDUTPA. However, because Plaintiffs may be able to assert an alternative deceptive or unfair trade practice, the Court will dismiss Count VIII without prejudice.[9]

### D. Count X - Civil Conspiracy

With respect to Plaintiffs' civil conspiracy claim, the Court previously observed:

> Because the present allegations do not give rise to duty to disclose, the only remaining predicate for Plaintiff's conspiracy claim is Ryland's failure to disclose. While the current rendition of the complaint does not clearly allege that all Defendants entered into an agreement to financially benefit from Ryland's non-disclosure (rather Plaintiffs allege that Defendants benefitted from their own non-disclosure), Plaintiffs could conceivably allege as much based on a liberal reading of the other allegations in the complaint. Accordingly, Count XI will be dismissed without prejudice.

(Doc. 70 at 12).

Despite the foregoing invitation, Plaintiffs' Third Amended Complaint simply alleges, in pertinent part, that "Defendants entered into an agreement to benefit financially from the *uniform* nondisclosure of [the] Pinecastle Bombing Range to Plaintiffs" (Doc. 74, ¶ 163) (emphasis added). The fact that Defendants uniformly failed to disclose the existence of the Pinecastle Bombing Range is of no moment in the context of Plaintiffs' claim for civil conspiracy – given the present

---

[9]As in its prior Order, the Court does not reach Defendants' arguments concerning Plaintiffs' failure to adequately allege damages under FDUTPA.

allegations, Ryland was the only defendant that had a duty to disclose.  Absent, then, an allegation that Defendants agreed to assist or benefit from Ryland's nondisclosure, Count X still fails to state a claim for civil conspiracy.  Accordingly, Count X will be dismissed.  However, Count X will be dismissed without prejudice to afford Plaintiffs one final opportunity to assert a claim for civil conspiracy.

**V.  Conclusion**

Based on the foregoing, it is **ORDERED** that Defendants', Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC, Motions to Dismiss (Docs. 82 and 83) are **GRANTED** in part and **DENIED** in part.

It is **FURTHER ORDERED** that Counts VIII and Count X against Defendants, Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC, are hereby **DISMISSED** without prejudice.

It is **FURTHER ORDERED** that Counts I and VI against Defendants, Terrabrook Vista Lakes, L.P., Terrabrook Vista Lakes, GP, LLC, Westerra Management, LLC and Newland Communities, LLC, are hereby **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 8, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE