**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LUIS VIRGILIO and NORMA VIRGILIO,**

      **Plaintiffs,**

-vs-                                                                                         **Case No. 6:08-cv-815-Orl-31GJK**

**THE RYLAND GROUP, INC., RYLAND
MORTGAGE COMPANY,
CORNERSTONE TITLE COMPANY** *d/b/a*
**Ryland Title Company, TERRABROOK
VISTA LAKES L.P. , TERRABROOK
VISTA LAKES GP, L.L.C. , NEWLAND
COMMUNITIES, LLC, and WESTERRA
MANAGEMENT, L.L.C.,**

      **Defendants.**

_____

## ORDER

      This matter came before the Court without oral argument upon consideration of Plaintiffs', Luis Virgilio and Norma Virgilio ("Plaintiffs"), Amended Motion for Class Certification (the "Motion" or "Motion for Class Certification") (Doc. 102), Defendants' response in opposition thereto, and Plaintiffs' reply (Doc. 108).

      On June 8, 2009, the Court entered its Order granting in part and denying in part Defendants' Motions to Dismiss Plaintiffs' Third Amended Complaint (*see* Doc. 93). Although the Court gave Plaintiffs another opportunity to file an amended complaint, Plaintiffs have elected not to do so. As a result, the following counts remain pending before the Court:

|  | Description | Against Defendants |
|---|---|---|
| **Count I** | Failure to Disclose<br>*Johnson v. Davis,* 480 So. 2d 625 (Fla. 1985)<br>[hereinafter "*Johnson*"] | The Ryland Group, Inc.; Ryland Mortgage Company; and Cornerstone Title Company d/b/a Ryland Title Company<br>(*see* Doc. 74, ¶¶ 76-86; Doc. 93 at 13) |
| **Count II** | Land Sales Practices Act<br>FLA. STAT. §§ 498.022 and 498.061 | The Ryland Group, Inc.<br>(*see* Doc. 74, ¶¶ 87-95) |
| **Count III** | Breach of Contract (purchase agreement)<br>Florida Common Law | The Ryland Group, Inc.<br>(*see* Doc. 74, ¶¶ 96-103) |
| **Count IV** | Breach of Contract (mortgage agreement)<br>Florida Common Law | Ryland Mortgage Company<br>(*see* Doc. 74, ¶¶ 104-112) |
| **Count V** | Rescission (purchase and mortgage agreement)<br>Florida Common Law | The Ryland Group, Inc.; and Ryland Mortgage Company<br>(*see* Doc. 74, ¶¶ 113-120) |
| **Count VI** | Unjust Enrichment<br>Florida Common Law | The Ryland Group, Inc.; Ryland Mortgage Company; and Cornerstone Title Company d/b/a Ryland Title Company<br>(*see* Doc. 74, ¶¶ 121-129; Doc. 93 at 13) |
| **Count VII** | Money Had and Received<br>Florida Common Law | The Ryland Group, Inc.; Ryland Mortgage Company; and Cornerstone Title Company d/b/a Ryland Title Company<br>(*see* Doc. 74, ¶¶ 130-136) |
| **Count IX** | Negligence<br>Florida Common Law | All Defendants<br>(*see* Doc. 74, ¶¶ 151-158) |
| **Count X** | Civil Conspiracy<br>Florida Common Law | The Ryland Group, Inc.; Ryland Mortgage Company; and Cornerstone Title Company d/b/a Ryland Title Company<br>(*see* Doc. 74, ¶¶ 159-165; Doc. 93 at 13) |

In their Motion for Class Certification, however, Plaintiffs make no effort whatsoever to distinguish between Defendants or their preceding claims against those respective Defendants. Instead, they simply assert that "Defendants' uniform misconduct in this case is straightforward" (Doc. 102 at 1) because all Defendants "had a duty to disclose material information" pursuant to *Johnson* (Doc. 102 at 29).

In two detailed Orders, this Court has specifically ruled that, as a matter of law, *Johnson* liability does not extend to Defendants Terrabrook Vista Lakes L.P., Terrabrook Vista Lakes GP,

LLC, Newland Communities, LLC and Westerra Management, LLC.  Accordingly, the only pending count against these Defendants is a claim for negligence.  In their Motion, however, Plaintiffs do not even attempt to articulate a duty, apart from *Johnson*, that would support class wide treatment of a negligence claim (and because these Defendants had little, if anything, to do with Plaintiffs' home purchase, such a duty would likely be tenuous at best).  Thus, class certification with respect to these Defendants is clearly inappropriate.

As to the remaining Ryland Defendants (i.e., The Ryland Group, Inc., Ryland Mortgage Company, and Ryland Title Company), Plaintiffs' Motion is equally unavailing.  *Johnson* liability is asserted only in Count I.  Although *Johnson* liability may be debatable as to The Ryland Group, Inc., there is no apparent basis to hold Ryland *Mortgage* and Ryland *Title* accountable for such alleged omissions.  As to the other claims against Ryland and its related entities, each has distinct elements which are not even addressed in Plaintiffs' Motion.

In short, Plaintiffs and their counsel have woefully failed in their responsibility to provide the Court with a concrete and particularized Rule 23 analysis of why each of their claims should warrant class treatment.  Indeed, on the papers before it, the Court cannot even begin to assess the merits of certification, much less hear oral argument or ultimately rule on the matter.  Accordingly, Plaintiffs' Motion will be denied, without prejudice.  If Plaintiffs seek to re-file their Motion, they are directed to provide a critical, claim-by-claim, element-by-element and defendant-by-defendant analysis of each of Rule 23's requirements.

Based on the foregoing, it is **ORDERED** that Plaintiffs' Amended Motion for Class Certification (Doc. 102) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 16, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE